UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

═══════════════════════════════════

UNITED STATES OF AMERICA,


                  v.                              **DECISION AND ORDER**
                                                  10-CR-00191-A

RODNEY HILL, et al.,

                        Defendants.

═══════════════════════════════════


        The defendant, Rodney Hill, has been in pretrial detention since his arrest

on December 16, 2009, for alleged cocaine trafficking through a continuing

criminal enterprise and for firearms offenses.  Defendant Hill was ordered

detained by Magistrate Judge H. Kenneth Schroeder, Jr., pursuant to 18 U.S.C.

§ 3142(e) on grounds that he is a danger to the community and a serious risk of

flight for whom no condition or combination of conditions will reasonably assure

the safety of the community and the appearances of the defendant in court as

required.  The defendant appeals his pretrial detention to this Court pursuant to

18 U.S.C. § 3145(b) and seeks release from pretrial detention on bail conditions.

The defendant also argues that his detention without trial for the 22 months since

his arrest is so long that it violates the Due Process Clause of the Fifth

Amendment.  U.S. Const. amend. V.

For the reasons that follow, the Court finds that defendant Hill is a serious risk of flight and a danger to the community. There is strong evidence that the defendant attempted to possess approximately 10 kilograms of cocaine on September 10, 2009. If the defendant is convicted of that conduct alone, let alone the other serious charges that he faces, he will be sentenced to a mandatory term of life imprisonment because of his record of prior drug felony convictions. In light of the strong evidence and the mandatory term of life imprisonment, the defendant has a very strong motive to flee if released on bail.

In addition, there is substantial evidence of defendant Hill's participation in cocaine trafficking through a continuing criminal enterprise. Defendants charged with such serious crimes are legally presumed to be a danger to the community because they pose a significant risk to commit additional crimes even while on pretrial release. The defendant's criminal history includes a past pattern of committing crimes while under court-ordered supervision that confirms the legal presumption that he is a danger to the community.

Despite finding that defendant Hill is a serious flight risk and a danger to the community, the Court has considered releasing the defendant to house arrest on electronic monitoring and imposing other conditions to permit his pretrial release. However, the Court finds that there are no available conditions or combination of conditions that will adequately protect the community and assure

the appearances of the defendant as required. The Court therefore affirms the defendant's pretrial detention pursuant to 18 U.S.C. §§ 3142 and 3145(b).

The Court has reviewed the prior proceedings in this case particularly carefully because of the 22-month duration of defendant Hill's pretrial detention and because the defendant's appeal of the detention rulings pursuant to 18 U.S.C. § 3145(b) was unaddressed on the Court's docket for far too long due to an oversight. In light of that review, the Court also finds that the continuing pretrial detention of the defendant is serving legitimate purposes of flight prevention and community protection and does not violate due process. For all of these reasons, the Court denies, without prejudice, the defendant's request for pretrial release.

## BACKGROUND

Defendant Hill was arrested on December 16, 2009, on a complaint charging him and 26 other persons with cocaine-related drug-trafficking offenses in violation of 21 U.S.C. §§ 841(a)(1), 843(b), and 846, with possession of a firearm during or in relation to a drug-trafficking offense in violation of 18 U.S.C. § 924(c), and with participating in a continuing criminal enterprise in violation of 21 U.S.C. § 848 (the "CCE"). The defendant has three prior felony drug offense convictions. If he is convicted of the offense of possession with intent to distribute 5 kilograms or more of cocaine, or of conspiracy to do the same, he will face a mandatory minimum sentence of life imprisonment. 21 U.S.C.

§§ 841(b)(1)(A), 846.  If convicted of participating in the CCE, the defendant will

face a mandatory minimum sentence of 20 years imprisonment.  21 U.S.C.

§ 848(a).

The complaint, which was authorized by Magistrate Judge Schroeder, is

supported by an affidavit of a law enforcement officer alleging that six months of

court-authorized wiretap intercepts, controlled purchases of narcotic drugs,

informant information, and other evidence establish the defendants' long-standing

participation through the Central Park Gang in Buffalo, New York, and elsewhere,

in trafficking multiple-kilogram quantities of cocaine and cocaine base.  In

particular, the affidavit includes excerpts of wiretap intercepts from September 8,

2009, through September 11, 2009, and related evidence, alleged to prove that

defendant Hill and other members of the Central Park Gang obtained

approximately 10 kilograms of powder cocaine in Houston, Texas.  Dkt. No. 1, pp.

48-52, and No. 1-2, pp.1-24 (Affidavit of law enforcement officer, sworn to on

December 15, 2009, ¶¶ 30-79).  The 10 kilograms of cocaine were being shipped

by commercial interstate carrier to an address in Buffalo alleged to be defendant

Hill's when the cocaine was seized by law enforcement officers in Houston.  See

Dkt. No. 1, p. 14, n.12, and Dkt. No. 1-2, pp. 17-18, ¶ 68.

The United States moved for pretrial detention of defendant Hill at the initial

appearance on the complaint on the grounds that the defendant is dangerous and

a serious flight risk.  No hearing was held in order to give the defendant time to

retain counsel.  Counsel was eventually assigned to represent the defendant and he waived his detention hearing on January 22, 2010.  The waiver was without prejudice to the defendant later seeking pretrial release if circumstances changed.

Defendant Hill filed a motion seeking pretrial release on March 11, 2010. After responsive briefing by the United States, a hearing was held on April 8, 2010[1].  The defendant argued that his extensive criminal record is not as bad as it was portrayed in a United States Pretrial Services Report recommending that he be detained.  He maintained that he has never been convicted of a violent felony, that his serious criminal record is in his past, and that his past non-compliance with court-ordered supervision is also not as bad as was portrayed in the Pretrial Service Report.  The defendant argued that he has strong roots in this District, including family and substantial real property, and that releasing him pending trial on electronic monitoring, and other conditions that he did not specify, would reasonably assure his appearances in court as required and the safety of the community.

The United States relied upon the statutory presumptions in 18 U.S.C. § 3142(e)(3) that defendant Hill is a flight risk and a danger to the community that are triggered by probable cause to believe that the defendant committed the

---

[1]     The transcript of the hearing is at docket number 350.  The Court finds that new information justified reopening the previously waived hearing pursuant to 18 U.S.C. § 3142(f)(2).

serious drug-trafficking offenses charged in the complaint. The United States repeated that it was proffering the complaint that charged the offenses, and the long affidavit upon which the complaint was based, in support of the statutory presumptions of danger and flight risk, among other evidence.

The United States specifically proffered that the defendant had acted as an advisor to two defendants charged with the CCE in the complaint and that the defendant had introduced the two defendants to sources of cocaine in Georgia and in Texas. Dkt. No. 350, pp. 7-8. It proffered that the CCE was obtaining cocaine from two brothers at a certain retail furniture store, and that some other brothers of the two were smuggling the cocaine into the United States from Mexico. Id.

The United States insisted that a New York Attempted Robbery conviction sustained by defendant Hill when he was 16 years of age in 1981 was a violent crime. The United States stressed that the defendant qualifies as a career offender and that he faces such long terms of imprisonment, if convicted, that he has a strong incentive to flee. It noted that the defendant has personal contacts in various parts of the country that enhance the risk that he will flee to avoid prosecution and the long term of imprisonment he faces. Dkt. No. 350, pp. 8-9.

Magistrate Judge Schroeder ordered that defendant Hill remain detained at the close of argument and entered a written Order of Detention Pending Trial (the "detention order") on April 9, 2010. Dkt. No. 152. The detention order surveyed

the defendant's lengthy criminal record and found that the defendant has a pattern of past failures to abide by court-ordered conditions of release.  Id. at pp. 3-5.  Magistrate Judge Schroeder also found that the lengthy periods of incarceration that the defendant faces based upon the evidence in the affidavit supporting the complaint created a motivation to flee.  The Magistrate Judge concluded:

> When I consider all of these circumstances in their totality, I find that what has been proffered on behalf of the defendant is not sufficient to rebut the presumption and that the defendant does constitute a danger to the community and members of the community and also does constitute a risk of flight.

Dkt. No. 152 at p. 5.

Defendant Hill timely filed an appeal of the detention order pursuant to 18 U.S.C. § 3145(b) on April 22, 2010.  Dkt. No. 155.  The defendant argued that his serious criminal past was more than ten years ago, that he had never been convicted of a violent felony, and that he should be granted pretrial release and placed on electronic monitoring.  Dkt. Nos. 155-3 at pp. 11-12, 155-4 at pp. 4-6.  The defendant offered two rental homes in the City of Buffalo that he owned as security for his appearances and argued that he could better maintain the rental properties and could obtain employment as a welder if he were released on bail.  Id.

At the time defendant Hill filed the appeal of the detention order, the case was pending on the complaint authorized by Magistrate Judge Schroeder and no District Court Judge had been assigned. Magistrate Judge Schroeder took up the appeal of the detention order himself, as if it were a motion to reopen the detention hearing pursuant to 18 U.S.C. § 3142(f)(2). See Dkt. Nos. 157, 222[2]. After the United States filed its response to the defendant's motion, Magistrate Judge Schroeder ruled on June 29, 2010, that no changed circumstances warranted his reconsideration of the detention order and denied the appeal. Dkt. No. 222.

An indictment was also returned on June 29, 2010, the same date on which Magistrate Judge Schroeder declined to reopen defendant Hill's detention hearing, and the District Judge assignment was made by the Clerk of the Court. The Indictment charged cocaine-related drug-trafficking crimes in violation of 21 U.S.C. §§ 841(a)(1), 843(b), and 846, possession of a firearm during or in relation to a drug-trafficking crime in violation of 18 U.S.C. § 924(c), possession of a

---

[2]     Two other defendants who were charged in the complaint and ordered detained, Bryant Woods and Joseph Carrier, had motions to reopen detention hearings pursuant to 18 U.S.C. § 3142(f)(2) pending before Magistrate Judge Schroeder at the time he construed defendant Hill's appeal as a motion to reopen his detention hearing instead of as an appeal to a district court judge pursuant to 18 U.S.C. § 3145(b). See Dkt. Nos. 217 and 231, referencing items 216 and 225 in Dkt. No. 09-mj-206, which is the complaint docket. This may partly explain why the Magistrate Judge addressed the defendant's appeal as if it were a motion to reopen.

firearm by a previously-convicted felon in violation of 18 U.S.C. § 922(g), and participation in the related CCE in violation of 21 U.S.C. § 848.

Before appearing to be arraigned on the Indictment, defendant Hill filed a renewed appeal of the detention order, and the denial of his earlier appeal, on July 12, 2010. Dkt. No. 6. The defendant was arraigned on the Indictment the next day before Magistrate Judge Jeremiah J. McCarthy. A minute entry shows that the defendant orally requested a new detention hearing and that Magistrate Judge McCarthy scheduled the hearing to take place before Magistrate Judge Schroeder on July 19, 2010. (See 7/13/2010 minute entry). On July 16, 2010, Magistrate Judge Schroeder issued a text order cancelling the detention hearing that Magistrate Judge McCarthy had scheduled and directing that arguments regarding the defendant's pretrial detention would be resolved through the defendant's second appeal of the detention order. Dkt. No. 232.

A Superseding Indictment was returned on May 3, 2011, but it was filed under seal until June 30, 2011. The Superseding Indictment added 11 new defendants, some additional charges against defendant Hill, and forfeiture allegations that seek $3,000,000 of property derived from the alleged crimes and forfeiture of 15 firearms, two of which were allegedly possessed by the defendant.

Defendant Hill was arraigned on the Superseding Indictment on July 7, 2011. A minute entry shows that Magistrate Judge Schroeder made a finding that no changed circumstances warranted his reconsideration of his prior

detention rulings.  (See 7/7/2011 minute entry).  No further steps appear to have been taken to address the defendant's appeal of the detention order at that time.

On September 19, 2011, a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by defendant Hill that sought to attack the criminal pretrial proceedings in this case was transferred from Chief Judge William M. Skretny so that it would be handled by the District Judge handling this case.  See Dkt. No. 336.  After beginning to review the petition, on September 21, 2011, the Court issued a text order in this case directing the parties to file updates on the status of the July 12, 2010, motion appealing Magistrate Judge Schroeder's detention order and his decision declining to reopen the detention hearing.  Id.  Oral argument of the appeal was held on October 26, 2011.

During oral argument of defendant Hill's appeal of the detention rulings, the parties repeated their earlier arguments.  The defendant persisted in stressing that he has not been convicted of a New York State violent crime, and expressed frustration with the pace of the pretrial proceedings in the case as a whole. Defendant Hill also stressed that he has now been held in pretrial detention for 22 months and argued that the duration of his detention, in the particular circumstances presented here, violates due process.

## DISCUSSION

I. Bail Reform Act of 1984.  The appeal of a Magistrate Judge's pretrial detention order to this Court is to be  "promptly determined."  18 U.S.C. §

3145(b).  In reviewing the order, this Court  "should not simply defer to the judgment of the [M]agistrate, but [should] reach its own independent conclusion."  United States v. Leon, 766 F.2d 77, 80 (2d Cir. 1985).

Under the Bail Reform Act of 1984, 18 U.S.C. §§ 3141-3156, a criminal defendant should be released on bail pending trial  "unless . . . such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community."  18 U.S.C. § 3142 (b) (ellipsis supplied).  The Bail Reform Act favors release pending trial.  Id.; United States v. Sabhnani, 493 F.3d 63, 75 (2d Cir. 2007).

A criminal defendant does not have a right to be released on bail, however.  United States v. Salerno, 481 U.S. 739, 749 (1987).  On the one hand, consistent with the Eighth Amendment prohibition of excessive bail, U.S. Const. amend. VIII, the Bail Reform Act forbids imposition of  "a financial condition [on release] that results in pretrial detention of the person."  18 U.S.C. § 3142 (c) (2).  On the other hand, the Constitutional and statutory prohibitions against excessive bail do not mean that a defendant is entitled to an affordable bail guaranteeing the defendant's release pending trial.  See e.g., United States v. Gotay, 609 F.Supp. 156, 156-57 (S.D.N.Y. 1985).

To determine whether bail can be set, that is, whether there are available conditions of release that will reasonably assure the appearance of the defendant

as required and the safety of the community, the Court must consider the factors

listed in 18 U.S.C. § 3142(g):

> (1) The nature and circumstances of the offense charged, including whether the offense . . . involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including --(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearances at court proceedings;
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Id. (ellipses supplied).

For serious narcotics offenses -- Title 21 offenses punishable by ten years

or more imprisonment -- a finding of probable cause to believe that a serious

narcotics offense was committed, and that the defendant was the person who

committed it, gives rise to a rebuttable presumption  "that no condition or

combination of conditions will reasonably assure the appearance of the person as

required and the safety of the community."  18 U.S.C. § 3142(e)(2).  A grand jury

indictment establishes probable cause; no independent finding of probable cause

by the Court is necessary.  United States v. Contreras, 776 F.2d 51, 55 (2d Cir.

1985).  When the § 3142(e) rebuttable presumption in favor of detention arises,

the United States retains the burden of persuasion if it is seeking detention, and "a defendant must introduce some evidence contrary to the presumed fact[s] to rebut the presumption." United States v. Rodriguez, 950 F. 2d 85, 88 (quotation omitted)(2d Cir. 1991). "Once a defendant introduces rebuttal evidence, the presumption, rather than disappearing altogether, continues to be weighed along with other factors to be considered when deciding whether to release a defendant." Id. The § 3142(e) presumption in favor of detention is alone sufficient to sustain the United States' burdens of proof on danger and risk of flight. Id.

The Nature of the Offenses. Defendant Hill is charged in Count 8 of the Superseding Indictment with attempted possession with intent to distribute 5 kilograms or more of cocaine on September 10, 2009. The charge arises from the allegations of the defendant's role in obtaining the approximately 10 kilograms of cocaine seized in Houston as it was being shipped to an address alleged to be the defendant's in Buffalo. If convicted of that offense, or of conspiracy to do the same as is charged in Count 3, defendant Hill will be sentenced to a mandatory minimum of life imprisonment. 21 U.S.C. §§ 841(b)(1)(A), 846.

Defendant Hill's charged participation in a cocaine and cocaine-base trafficking CCE is based upon allegations that he has participated in a continuing series of narcotics-related felonies in concert with five or more other persons that he organized, supervised, or managed, and from which violations he received

13

substantial income or gain. 21 U.S.C. § 848. That charge alone is of "one of the most serious types of ongoing criminal activity." U.S.S.G. § 2D1.5, comment. (backg'd). As mentioned above, it carries a mandatory minimum sentence of imprisonment of 20 years. The Sentencing Guidelines advisory range of imprisonment for the CCE offense for persons like the defendant, who appears to be in Criminal History Category VI, is 360 months to life imprisonment.

Defendant Hill is also charged in the Superseding Indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). That offense appears to carry a 15-year mandatory minimum sentence of imprisonment [3]. The defendant is charged with the crime of violence of possession of a firearm during or in relation to a drug-trafficking crime in violation of 18 U.S.C. § 924(c). If the defendant is also convicted of that offense, he faces a mandatory consecutive and minimum sentence of another five years imprisonment and an advisory Sentencing Guidelines range of 420 months to life imprisonment. U.S.S.G. § 4B1.1(c)(2).

---

[3] Defendant Hill's three prior drug-trafficking felonies may subject him to treatment as an armed carrier criminal pursuant to 18 U.S.C. 924(e) and to a 15-year mandatory minimum sentence of imprisonment if he is convicted of violating 18 U.S.C. § 922(g). The United States does not appear to have provided formal notice whether it intends to seek that the defendant be treated as an armed career criminal, but it is not required to do so. See United States v. Santiago, 268 F.3d 151, 155-56 (2d Cir. 2001); United States v. Moore, 208 F.3d 411, 414 (2d Cir. 2000).

Strength of the Evidence.  The United States has continued to rely primarily upon evidentiary detail incriminating defendant Hill that is in the complaint and the long affidavit that supports it.  In particular, the voluminous wiretap intercept excerpts, and corroborating physical surveillance and other circumstantial evidence  -- including the seizure of approximately 10 kilograms of cocaine in Houston, Texas that was being shipped to an alleged residence of the defendant's in Buffalo -- strongly supports the charges in the Superseding Indictment related to the defendant attempting to possess the 10 kilograms of cocaine with intent to distribute it.  The Court has reviewed that evidence, and although the wiretap excerpts that are alleged to be of the defendant are cryptic, the totality of the evidence is strong.

Other evidence that has been proffered in support of defendant Hill's participation in the series of serious narcotics felonies that underlie the CCE has not been as voluminously detailed during the United States' proffer as the evidence of his role with respect to the 10 kilograms of cocaine that were seized in Houston.  In general, the defendant is proffered to have no regular means of economic support, but to have valuable assets of his own and valuable assets that are held in other persons' names.  The defendant is alleged to have been intercepted speaking openly on telephones about cooking cocaine in microwave ovens to make cocaine base.  He has repeatedly been witnessed by law enforcement officers taking elaborate steps that are consistent with the conscious

intent of an experienced criminal to avoid law enforcement scrutiny. Some of the information proffered by the United States has been presented in too conclusory a manner to be given great weight. Nevertheless, the Court finds that the collective weight of all the evidence proffered against the defendant strongly supports the conclusion that he attempted to possess the 10 kilograms of cocaine as charged in the Superseding Indictment, and substantially supports that he participated in the CCE and committed other serious offenses as charged in the Superseding Indictment.

Defendant Hill remains an innocent man. 18 U.S.C. § 3142(j). Assessing the strength of the evidence against the defendant is not to assess his guilt or innocence. Instead, assessing the strength of the evidence is an essential part of assessing the defendant's risk of danger and his motive to flee to avoid conviction and punishment. For example, it is well settled that when evidence of a defendant's guilt is strong, particularly when the likely sentence of imprisonment upon conviction is likely to be long, the defendant has a stronger motive to flee that requires more stringent release conditions to secure the defendant's appearances in court as required. United States v. Sabhnani, 493 F.3d 63, 76 (2d Cir. 2007). The motivation for this defendant to flee when faced with such evidence, rather than to be sentenced to life imprisonment, is bound to be very strong. The defendant therefore presents a serious risk of flight.

<u>History and Characteristics of the Accused.</u>  Defendant Hill has a record of criminal convictions and arrests that, although somewhat old, remains a substantial record.  His record includes three prior drug-trafficking felonies, all of which involve conduct or time in custody within 15 years of the conduct charged in the Superseding Indictment.  He is therefore a career offender under the Sentencing Guidelines.  U.S.S.G. § 4B1.1(a).  With respect to each of his three prior drug-trafficking felony convictions, the defendant was rearrested while on pretrial release or while on post-conviction supervision in the community.  He has numerous other arrests, convictions, and a years-long pattern of failures to abide by court-imposed conditions of release.  In order to overcome the presumptions of danger or risk of flight to which he is subject, the defendant has the burden to establish that  "what is true in general is not true in the particular case."  <u>United States v. Dominguez</u>, 783 F.2d 702, 707 (7th Cir. 1986).  But the defendant's particular criminal history and pattern of non-compliance with court-ordered supervision establishes that he is unlikely to abide by any combination of conditions of release that might be imposed in this case.

	Defendant Hill argues that electronic monitoring and other unspecified conditions of release can adequately assure his court appearances as required.  However, electronic monitoring gives limited security, and parcels of real property that the defendant had previously offered to post as security are the subject of asset forfeiture allegations in the Superseding Indictment on the allegation that

the properties are proceeds of crimes charged in the Superseding Indictment. The defendant's arguments that some unspecified combination of conditions upon his pretrial release will adequately assure his appearances are not sufficient to overcome the presumption and evidence establishing the serious risk that he will flee to avoid the risk that he will be sentenced to life imprisonment.

Defendant Hill continues to emphasize that he has no prior violent felony convictions. The defendant's 1981 conviction for Attempted Robbery in the Third Degree in violation of N.Y. Penal Law § 160.05 does have an element of the use of force, however, which makes it a crime of violence for purposes of the Bail Reform Act of 1984. 18 U.S.C. § 3156(a)(4). The Court finds, primarily because the robbery attempt was in 1981 when the defendant was age 16, that the conviction should not be given great weight among all of the relevant circumstances. Nevertheless, the conviction marks the start of the defendant's serious criminal record and it should not be overlooked in trying fairly to assess the risk that the defendant will commit additional crimes if he is released into the community on conditions.

The Court is cognizant that defendant Hill's serious criminal convictions were mostly more than ten years ago. In isolation, the gap between his prior serious criminal convictions and the charged offenses tends to mitigate the risk of danger. The defendant acknowledges his criminal past and argues that though he was once dangerous, he is no longer. In carefully considering this argument,

and the relative age of the defendant's prior serious criminal convictions, the Court finds that the defendant fails to overcome the presumption of danger. The Superseding Indictment and proffered evidence establish substantial reason to find that the defendant has participated in a continuing series of narcotics-related felonies in concert with five or more other persons that he organized, supervised, or managed, and from which violations he received substantial income or gain. The United States has proffered numerous instances in which the defendant has been witnessed engaging in behaviors that reasonably are understood as part of elaborate steps by a professional criminal to avoid detection and apprehension by law enforcement. Under these circumstances, the Court is unable to find that the defendant's lack of a recent serious criminal conviction establishes that he rehabilitated himself. The defendant has not come forward with evidence sufficient to overcome the statutory presumption and proffered evidence that he poses a significant danger of committing additional crimes while on pretrial release and that he should be detained.

Nature of the Danger. Although the United States has proffered some information that the Central Park Gang was involved in violent acts, it has proffered no specific information that defendant Hill has personally committed acts of violence against other persons or that he has influenced others to do so[4].

---

[4]     Both of the firearms charges lodged against defendant Hill in the Superseding Indictment in violation of 18 U.S.C. §§ 922(g) and 924(c) are crimes of violence pursuant to 18 U.S.C. 3156 even though they do not involve allegations of

The criminal charges in the Superseding Indictment that defendant Hill faces are among the most serious kinds of charges that a person can face.  See U.S.S.G. § 2D1.5, comment. (backg'd).  The statutory presumptions of danger and risk of flight arise upon probable cause to bring these charges pursuant to 18 U.S.C. 3142(e) because Congress has recognized that persons charged even with less serious narcotics-trafficking offenses present a significant risk of pretrial recidivism, and because flight to avoid prosecution is particularly high among these persons.  See S. Rep. No. 225, 98th Congress., 1st Sess. 1983, 1984 U.S.C.C.A.N. 3182, 3203.  The risk of continuing serious narcotics trafficking by the defendant, based upon the conduct which led the Grand Jury to charge him with participating in a CCE and with other serious narcotics-trafficking offenses, establishes the rebuttable presumption pursuant to 18 U.S.C. § 3142(e)(2) that the defendant is a substantial risk to engage in criminal activity to the detriment of society and that he will be a danger to the community if he were to be released. United States v. Rodriguez, 950 F. 2d 85, 88 (2d Cir. 1991); see United States v. Leon, 766 F.2d 77, 81 (2d Cir. 1985)(danger to the community includes "the harm to society caused by [the significant risk of continued] narcotics trafficking").  The defendant's prior record of arrests, convictions, and non-compliance with

---

actual physical violence.  See e.g., United States v. Dillard, 214 F.3d 88, 96-97 (2d Cir. 2000).

conditions of court-ordered supervision, supports the legal presumption of a significant risk of recidivism by the defendant.

Defendant Hill stresses his roots in the community, but Congress specifically found when adopting the Bail Reform Act of 1984 that a defendant's "community ties" have "no correlation with the question of the safety of the community." S. Rep. No. 225, 98th Congress., 1st Sess. 1983, 1984 U.S.C.C.A.N. 3182, 3207-08. Congress also specifically found that "a defendant who is a danger to the community remains dangerous even if he has posted a substantial money bond." Id. at 3198-99 (n.60). See Rodriguez, 950 F.2d at 89; United States v. Ferranti, 66 F.3d 540, 543 (2d Cir. 1995). The defendant's community ties do not overcome the presumption and the evidence that he is a danger to the community.

Based upon consideration of all of the factors in 18 U.S.C. § 3142(g) and the evidence proffered by the United States and defendant Hill, the Court finds that there is a strong basis for concluding that very serious narcotics-trafficking offenses charged in the Superseding Indictment have been committed and that the defendant committed them. The circumstances and characteristics of those offenses, together with the history and characteristics of the defendant, strongly support the conclusion that the defendant has not met his burden to overcome the presumptions of dangerousness and serious risk of flight that arise under 18 U.S.C. § 3142(e)(2) and the proffered evidence supporting those presumptions.

The Court also specifically finds that no available condition or combination of conditions will adequately protect the safety of the community from the defendant and reasonably assure the appearances of the defendant in court during this case as required. Pursuant to 18 U.S.C. § 3145(b), the Court therefore affirms the detention rulings of Magistrate Judge Schroeder and the defendant is ordered detained pending trial.

In reaching this conclusion, the Court has also carefully considered the consequences of the substantial delay between the time defendant Hill's first appeal pursuant to 18 U.S.C. § 3145(b) of Magistrate Judge Schroeder's detention order was filed on April 22, 2010, and then refiled on July 12, 2010, until the decision of the appeal today. The Court has not satisfied the requirement that "[t]he motion shall be determined promptly." 18 U.S.C. § 3145(b). The delay has been too long by far, most especially because the defendant's personal liberty interest is at stake. But it is obvious from careful review of the record that the delay was due to an unfortunate oversight, or to a series of oversights, and that it was not intentional. It is also clear that detaining the defendant has served the important purposes of community protection and flight prevention, and that the defendant suffered no loss of liberty because of the delay.

The Supreme Court has held with respect to a time requirement for a detention hearing pursuant to § 3142(f) of the Bail Reform Act, that

> the Act is silent on the issue of a remedy for violations of
> its time limits. Neither the timing requirements nor any
> other part of the Act can be read to require, or even
> suggest, that a timing error must result in release of a
> person who should otherwise be detained.

United States v. Montalvo-Murillo, 495 U.S. 711, 716-17 (1990). The Court concluded that reading the timing requirement to result in "automatic release [of the defendant] contravenes the object of the statute, to provide fair bail procedures while protecting the safety of the public and assuring the appearance at trial of defendants found likely to flee." Id. at 720. The same reasoning holds here. Despite the substantial delay in this Court taking up the defendant's appeal of the Magistrate Judge's detention order, the defendant should not be released into the community on conditions merely because of the delay.

II. Due Process Clause. While the Court finds defendant Hill's pretrial detention is justified under the standards of the Bail Reform Act of 1984, the continuing 22-month long duration of his pretrial detention raises distinct questions under the Due Process Clause about the propriety of his continuing detention without trial. U.S. Const. amend. V. The Court is aware that "Congress rejected any specific time limit under the Bail Reform Act for pretrial detention, relying instead upon the Speedy Trial Act." United States v. Orena, 986 F.2d 628, 630 (2d Cir. 1993). The Speedy Trial Act is the process to which

the defendant is primarily due[5].  Yet the legitimate due process questions that

arise because of the defendant's lengthy pretrial detention will become more

serious as more time passes with the defendant detained without trial, and the

parties speculate that a trial is likely at least six months away[6].  If the duration of a

defendant's pretrial detention becomes so prolonged that it amounts to

punishment that does not serve the purposes of flight prevention or community

protection, the pretrial detention will violate due process.  Bell v. Wolfish, 441

U.S. 520, 535 (1979); United States v. Salerno, 481 U.S. 739, 747-49  (1987);

United States v. Millan, 4 F.3d 1038, 1043 (2d Cir. 1993).  Upon such violation

the defendant will be released on conditions, ordered to trial, or both.

For the reasons that follow, the Court finds that the defendant Hill's pretrial

detention is not so excessively prolonged that it violates due process and the

Court denies his request for relief on that additional ground.  The denial of the

defendant's request for release for a due process violation is without prejudice,

however.

A due process challenge to pretrial detention, such as is raised by

defendant Hill, triggers a three-part test: (1) the length of the delay; (2) the extent

---

[5]     Defendant Hill has preserved Speedy Trial Act objections.  See e.g., Dkt.
No. 111.  The defendant has also filed a conditional motion for a severance with his
other pretrial motions.  Dkt. No. 257,  ¶ 6.

[6]     Pretrial motions by the defendant and co-defendants remain to be argued
on December 14, 2011, and if evidentiary hearings related to the motions are required,
the hearings are not yet scheduled.  Dkt. No. 346.

to which the prosecution is responsible for the delay in the start of the trial; and (3) "the strength of the evidence upon which the detention was based." <u>United States v. Orena</u>, 986 F.2d 628, 630 (2d Cir. 1993). The due process limits of detention based upon dangerousness "may be looser" than detention based upon flight risk because it involves the risk of harm to others. <u>Millan</u>, 4 F.3d at 1048; <u>Orena</u>, 986 F.2d at 631. In any event, the question whether the pretrial detention of defendant Hill violates the due process turns on whether the above-listed relevant factors establish that the duration of the detention is excessive in relation to the non-punitive purposes served by his detention. <u>Bell v. Wolfish</u>, 441 U.S. 520, 538 (1979).

While the Second Circuit has stated that the length of pretrial detention alone "will rarely by itself offend due process," <u>United States v. Millan</u>, 4 F.3d 1038, 1044 (2d Cir. 1993), defendant Hill's continuing 22-month pretrial detention is itself a serious concern under any standard of due respect for the personal liberty of the defendant during these pretrial proceedings. The defendant argues that he has done everything possible to move his case forward to trial and that he bears no responsibility for any of the time expended during the pretrial proceedings during which he is in custody and that it is therefore a violation of due process for him to continue to be detained without a trial[7].

---

[7]     Defendant Hill is seeking a <u>Franks</u> hearing, suppression of items seized from a residence, suppression of wiretap intercepts, suppression of oral statements, and other pretrial relief. Dkt. No. 257.

The United States correctly points out that continuances granted during the long pretrial proceedings in this case have been sought by other defendants who are seeking time diligently to prepare for trial and to address issues presented in this particular case[8]. Given the length of the likely penalties for the CCE and other serious narcotics-trafficking and firearms charges in the Superseding Indictment, it is reasonable for defendants to be seeking substantial time to prepare for trial.

The United States stresses that its trial preparations have involved preparation of complex evidence of the CCE and its investigation and prosecution of additional, related defendants who are not even charged in the Superseding Indictment, several of whom are expected to testify during the trial. The United States argues that co-defendant's requests for continuances on the basis of the need for time diligently to analyze the evidence and the legal issues, and to provide effective assistance of counsel, are beyond the United States' control.

Based upon the information proffered by the parties and a review of the pretrial proceedings, the Court recognizes that the continuances in the pretrial proceedings have been granted by Magistrate Judge Schroeder at the request of

---

[8] The United States stated during oral argument that the only pretrial delay for which it might be responsible was during the period it was granted a sealing order by Magistrate Judge Schroeder for the Superseding Indictment in order to allow the United States to locate and safely arrest at least one co-defendant. The Court understands that argument about the propriety of that order is pending before Magistrate Judge Schroeder. The sealing order was in place from May 3, 2011, to June 30, 2011.

co-defendants and that the United States is not, on this record, responsible for much of the long duration of the pretrial proceedings. Although the pretrial proceedings are prolonged, it is not because of conduct of the United States for which it can be held responsible under a due process analysis.

Finally, as stated above, the evidence upon which defendant Hill's pretrial detention is based is strong. The evidence of the defendant's role in attempting to possess the 10 kilograms of cocaine seized in Texas as it was being shipped by commercial interstate carrier to an address alleged to be the defendant's in Buffalo, in particular, is strong. Because the defendant faces a mandatory minimum sentence of life imprisonment upon conviction for that offense, the defendant has a strong incentive to flee to try to avoid life imprisonment.

The same evidence of defendant Hill's role in attempting to possess the 10 kilograms of cocaine will be used by the United States to try to establish beyond a reasonable doubt that the defendant has participated in a CCE consisting of a continuing series of narcotics-related felonies in concert with five or more other persons that he organized, supervised, or managed, and from which violations he received substantial income or gain. There is substantial proof of the CCE, and the defendant also has an established past pattern of failure to abide by court-imposed conditions of supervision that make him a significant danger to commit additional crimes if released on bail. Because the defendant's pretrial detention continues to be necessary to protect the community from additional crimes and to

prevent the defendant from fleeing to avoid conviction and a sentence of life imprisonment, it does not, at this time, violate due process.

## CONCLUSION

For all of the foregoing reasons, defendant Hill's appeal pursuant to 18 U.S.C. § 3145(b) of his pretrial detention is denied. The defendant is a danger to the community and a risk of flight for which no available conditions or combination of conditions of release will adequately protect the community and assure his appearances in court as required. Although the continuing 22-month pretrial detention of the defendant is long, it does not violate due process.

SO ORDERED.

s/ Richard J. Arcara
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: November 7, 2011