**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

    v.                10-CR-191A

**RODNEY HILL, et al.,**

      **Defendants.**

_____

## DECISION AND ORDER

    This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #3.

## PRELIMINARY STATEMENT

    The defendant, Mykale King ("King"), along with nineteen others, is charged in a multi-count Superseding Indictment (Dkt. #296) with conspiracy to possess with intent to distribute cocaine and cocaine base (Count 3) and four counts of using a telephone to facilitate possession with intent to distribute and distribution of controlled substances (Counts 44-47). What follows is this Court's Decision and Order with respect to defendant King's non-dispositive motions directed to the Superseding Indictment.[1] Dkt. #261.

___

[1] Although defendant King's motions were filed prior to the return of the Superseding Indictment, the government did not file its response until December 2011 and the Court will treat the pending motions as directed to the Superseding Indictment.

**FACTS**

Defendant King and twenty-six others were charged in a Criminal Complaint on December 15, 2009 with cocaine-related drug trafficking offenses in violation of Title 21, United States Code, Sections 841(a)(1), 843(b) and 846. The Criminal Complaint, authorized by the undersigned, was supported by a 281-page affidavit of Federal Bureau of Investigation ("FBI") Special Agent Vanessa Paris alleging, *inter alia*, that six months of court-authorized intercepted telephone communications, controlled purchases, informant information and other evidence established the defendants' long-standing participation in the trafficking of multi-kilogram quantities of cocaine and cocaine base.

Defendant King was among the ten defendants indicted by a Federal Grand Jury on June 29, 2010. Dkt. #1. Thereafter, on May 3, 2011, a Federal Grand Jury returned a Superseding Indictment against King and nineteen defendants. Dkt. #296. Defendant King filed pretrial motions on November 30, 2010 (Dkt. #261) and the government filed its opposition to King's pretrial motions on December 9, 2011 (Dkt. #372). Oral argument on defendant King's motions was held on December 14, 2011.

**DISCUSSION AND ANALYSIS**

**Discovery**

    **(a)**     **Defendant's Statements**

The defendant requests copies of any written or recorded statements made by her, as well as the substance of any oral statements she made which the

government intends to offer in evidence at trial. Moreover, the defendant seeks any written summaries or hand written notes of any oral statements made by her. Dkt. #261, p.3. In its response, the government states in pertinent part,

> [s]ince the date of the indictment, the United States has complied, and intends to continue to comply, with the requirements of Rule 16. To that end, the United States provided comprehensive voluntary discovery in both the Indictment and Superseding Indictment portions of this case. On July 26, 2011, in accordance with the Court's scheduling order, the Government provided a complete set of digitized CDs to each defendant's attorney, which included all evidence in the Government's possession to which the defendant's [sic] were entitled under Rule 12 and Rule 16. Additionally, all physical evidence recovered in connection with this investigation is, and has been, available for inspection by the defendant's attorney. . . . As the government identifies any other evidence which falls within the scope of Rule 16, it will provide such evidence to defendants and their counsel. The government will continue to comply with its continuing duties to disclose set forth in Rule 16(c). The government herein notifies the defendant that it may introduce all of this evidence at trial. . . The government believes it is in full compliance with Rule 12 and Rule 16 discovery.

Dkt. #372, pp.1-3. Based on the representations made by counsel for the government, the defendant's request is denied as moot.

**(b)     Prior Record/Other Act Evidence**

By this request the defendant is seeking her prior criminal record and any prior similar or bad acts which the government intends to introduce at trial. Dkt. #261, pp.3-4. The Court notes that the defendant makes a separate request pursuant to Federal Rules of Evidence 403, 404(b) and 609 and that request will be addressed

below.  Although the government does not separately respond to this request, elsewhere in its response, the government has stated that it believes that it is in full compliance with its Rule 12 and Rule 16 discovery obligations.  Accordingly, based on the representations made by counsel for the government concerning its discovery obligations, as well as the notice requirement under Rule 404(b) and its disclosure obligations pursuant to Rule 608 and 609, defendant's request is denied as moot.

### (c) Documents or Tangible Objects

The defendant seeks the disclosure of any documents or tangible objects including drugs seized which the government intends to use at trial or is material to the defense or was obtained from the defendant.  Dkt. #261, p.4.

As noted above, in its response, the government states that it has and continues to comply with its discovery obligations pursuant to Rule 12 and Rule 16 of the Federal Rules of Criminal Procedure.  Moreover, the government advises that to the extent it identifies any other evidence which falls within the scope of Rule 16, it will provide that evidence to defense counsel.  Dkt. #372, pp.1-3.   In addition, the government has stated that all physical evidence recovered in connection with the investigation has been available for inspection.  Based on the representations made by counsel for the government that it has and will continue to comply with its discovery obligations under Rule 16 of the Federal Rules of Criminal Procedure, defendant's request is denied as moot.

### (d) Physical Examinations, Mental Examinations and Scientific Reports

By this request the defendant seeks the reports of all tests and examinations conducted in this case. Dkt. #261, p.4. Although the government does not specifically respond to this request, the government did respond to defendant King's request for expert information. In that response, the government states,

> [t]he Government will provide full disclosure of expert forensic chemists' credentials and methods used during chemical analyses in support of expert opinions. The government will also supply the name and qualifications of government law enforcement experts relating to vague/coded language, and firearms. The government reserves the right to offer the testimony of other expert witnesses. If the government decides to use such an expert witness, it will fully comply with Fed. R. Crim. P. Rule 16(a)(1)(G) and Fed. R. Evid. 702, 703, and 705.

Dkt. #372, pp.10-11. Based on the representations made by the government that it has and will continue to comply with its disclosure obligations as set forth in the Federal Rules of Criminal Procedure and the Federal Rules of Evidence, the defendant's request is denied as moot.

### *Jencks* Act Material; *Brady* Material; Giglio Material

In four separately identified requests, the defendant seeks all exculpatory evidence and impeachment evidence pursuant to *Brady, Giglio* and their progeny. Dkt. #261, pp.4-5. In its response to what it interprets as the defendant's request for Jencks/Brady/Giglio Material, the government states, "[t]his request is unnecessary, as the government acknowledges its affirmative and continuing duty to produce exculpatory evidence and evidence the defense might use to impeach the government's

-5-

witnesses." Dkt. #372, p.3. With respect to the defendant's request for *Jencks* Act material, the government states, "[t]o the extent not already provided, the government will disclose written witness statements and investigative agency or police department memoranda of witness interviews no later than two weeks prior to trial, as is customarily ordered in this District. . . . The government declines to provide statements and the identities of persons interviewed who will not be called by the government." Dkt. #372, p.5 (internal citations omitted).

"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *United States v. Coppa*, 267 F.3d 132, 146 (2d Cir. 2001). The prosecution is obligated to disclose and turn over *Brady* material to the defense "in time for its effective use." *Id.* at 144. With respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his/her direct testimony. *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2; *In re United States*, 834 F.2d 283 (2d Cir. 1987). However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order to be issued by the trial judge.

Based on the representations made by counsel for the government as to its obligations under *Brady* and *Giglio,* the defendant's request is denied as moot, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of additional materials to the defendant.

**Disclosure of Informant Information**

The defendant requests the disclosure of the identity and addresses of all informants who were a witness to or participated in the criminal transactions. Dkt. #261, p.5 and pp.11-15. Relying principally on *Roviaro v. United States*, the government states in its response that the disclosure of the names, addresses and other information pertaining to government informants is unwarranted. In order for disclosure to be warranted, the informant's testimony must be material to the defense presented and the defendant must make some evidentiary showing demonstrating why the informant's testimony is significant to determining the defendant's guilt or innocence. Dkt. #372, pp.12-13.

In order to be entitled to the requested information, the defendant must sufficiently state a basis for requiring the disclosure of this information or that the testimony of the informant would be of even marginal value to the defendant's case. Moreover, the Court notes that the holding of the Court of Appeals for the Second

Circuit in *United States v. Saa*, 859 F.2d 1067 (2d Cir. 1988), *cert. denied*, 489 U.S. 1089 (1989), is instructive:

> The leading Supreme Court case on this question, *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), holds that
>
>> [w]here the disclosure of an informant's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the [informant's] privilege must give way.
>
> 353 U.S. at 60-61, 77 S.Ct. at 628. The Court explained that "no fixed rule with respect to disclosure is justifiable." *Id.* at 62, 77 S.Ct. at 628. What is required is "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* Whether non-disclosure is erroneous "must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id.* See *Rugendorf v. United States*, 376 U.S. 528, 534-35, 84 S.Ct. 825, 829, 11 L.Ed.2d 887 (1964); *United States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983); *United States v. Ortega*, 471 F.2d 1350, 1359 (2d Cir. 1972), *cert. denied*, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973).
>
> The defendant is generally able to establish a right to disclosure "where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence." *United States v. Russotti*, 746 F.2d 945, 950 (2d Cir. 1984); *United States v. Roberts*, 388 F.2d 646, 648-49 (2d Cir. 1968); *see United States v. Price*, 783 F.2d 1132 (4th Cir. 1986); *United States v. Barnes*, 486 F.2d 776 (8th Cir. 1973). In *Roberts*, the informant introduced an undercover agent to the defendant and was present when the defendant and the agent negotiated and transacted two sales of heroin. The Court, noting that the informant was "present during all the significant events," 388 F.2d at 649, found that he was

> "obviously a crucial witness to the alleged narcotics transactions," *id*., and therefore, his whereabouts should have been revealed to the defense if properly requested. But disclosure of the identity or address of a confidential informant is not required unless the informant's testimony is shown to be material to the defense. *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 870-81, 102 S.Ct. 3440, 3448, 73 L.Ed.2d 1193 (1982) (dictum); *United States v. Lilla*, 699 F.2d at 105. As this Court's recent opinion in *United States v. Jiminez*, 789 F.2d 167 (2d Cir. 1986) makes clear, it is not sufficient to show that the informant was a participant in and witness to the crime charged. In *Jiminez*, the informant was both participant and witness, but the district court's refusal to order disclosure of his identity was upheld on the ground that the defendant had failed to show that the testimony of the informant "would have been of even marginal value to the defendant's case. 789 F.2d at 170."

*Id.* at 1073; *see also United States v. Fields*, 113 F.3d 313, 324 (2d Cir.), *cert. denied*, 522 U.S. 976 (1997). Absent the defendant stating a basis for requiring the disclosure of this information or that the testimony of the informant would be of even marginal value to the defendant's case, the defendant's request is denied without prejudice.

**Bill of Particulars**

In nine separately lettered requests, defendant King seeks particularization with respect to Count 3 of the Superseding Indictment. Dkt. #261, pp.5-7. In its response, the government asserts that with respect to Count 3, the conspiracy charge, the defendant seeks particulars regarding the development of the conspiracy. In addition, the government asserts that it should not be required to furnish particulars relating to the formation of a conspiracy, including when and how it was formed and when a particular defendant joined, because such details need not be

proven at trial. Dkt. #372, p.8. More generally, the government states,

> [i]t should also be noted that the Indictment and Superseding Indictment were preceded by a 281 page criminal complaint, which criminal complaint provides a great deal of detail as to the instant charges and the defendant's conduct encompassed by this indictment. Many of the particulars sought by the defendant could be derived simply by reading the criminal complaint which preceded this indictment. . . . Because the defendant will have full discovery, exculpatory and impeachment material, a witness list, exhibit lists, including § 3500 materials, well in advance of the trial, she will not be surprised by the evidence against her or be subject to future jeopardy in a way she might otherwise justify ordering any of the particulars that she requests.

Dkt. #372, p.9.

It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been charged. *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927). The charges in the Indictment, along with the discovery materials provided by the government, clearly inform the defendant of the essential facts of the crimes charged. As a result, the defendant is not entitled to, nor is he in need of, the "particulars" being sought for that purpose. Accordingly, defendant's request for a bill of particulars is denied.

> A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert. denied*, 493 U.S. 834, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also United States v. Leonelli*, 428 F. Supp. 880,

> 882 (S.D.N.Y. 1977). "Whether to grant a bill of particulars rests within the sound discretion of the district court." *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980)); *see also [United States v.] Bortnovsky*, 820 F.2d [572] at 574 [(2d Cir. 1987)]. "Acquisition of evidentiary detail is not the function of the bill of particulars." *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990); *see also United States v. Chen*, 378 F.3d 151, 163 (2d Cir.), *cert. denied*, 543 U.S. 994 (2004); *United States v. Porter*, No. 06-1957, 2007 WL 4103679 (2d Cir. Nov. 19, 2007), *cert. denied*, 128 S.Ct. 1690 (2008).

**Rule 403, 404(b), and 609 Material**

In her request for Rule 403, 404(b) and 609 material, the defendant states,

> [i]t is respectfully requested that this Court make an advance ruling pursuant to Federal Rules of Evidence 403, 404(b), and 609, prohibiting the Government's use of prior convictions or proof of the prior commissions of other crimes, wrongs or acts, either in its direct case or to impeach the Defendant. In the event that an evidentiary hearing is necessary, this Defendant respectfully requests such a hearing and the opportunity to present proof that the prejudicial effect of such evidence outweighs its probative value. Moreover, it is requested that the Government be compelled to divulge any and all specific instances of other crimes, wrong or acts which it plans to use at the trial of this indictment for any reason under Federal Rule of Evidence 404(b).

Dkt. #261, pp.7-8. In its response, the government states that,

-11-

> [t]he government will advise of its intent to use "other acts" evidence pursuant to Fed.R.Evid. 404(b), or evidence pursuant to Fed.R.Evid. 608(b) and 609, at the time it is ordered to do so, which, in this District the general custom is two to four weeks prior to trial, together with Jencks material, as ordered by the trial Judge [sic]. See F.R.E. 404(b), 608(b), 609; see generally United States v. Jencks, 353 U.S. 657 (1957). It is submitted that any hearings on the admissibility of such evidence is a matter for the District Court at the time of trial.

Dkt. #372, p.10.

Rule 404(b) only requires that "the prosecution. . . provide reasonable notice in advance of trial. . . of the *general* nature of any such evidence it intends to introduce at trial." (Emphasis added). Insofar as the government has indicated that it intends to comply with any pretrial disclosure order entered by the trial judge and further, that it understands its disclosure obligations, defendant's request is denied as moot. The Court notes that the issue of admissibility of such evidence pursuant to Rules 403 and 404(b) of the Federal Rules of Evidence is best left to the determination of the trial judge at the time of trial.

With respect to the defendant's request pursuant to Rule 609, based on the representations made by counsel for the government, defendant's request is denied as moot. The government is hereby reminded that should the government learn of evidence of other crimes, wrongs and acts it intends to offer pursuant to Federal Rules of Evidence Rule 609 (impeachment material) during the trial, the government is hereby directed to provide such information consistent with its disclosure of *Jencks* Act material and the disclosure requirements set by the trial judge in advance of the trial.

**Disclosure of Experts**

Pursuant to Rules 12 and 16 of the Federal Rules of Criminal Procedure, defendant King seeks the disclosure of the names, qualifications and a synopsis of testimony, as well as any expert witness reports obtained by the government for use in the trial. Dkt. #261, p.8. As stated above, in its response the government states that it,

> will provide full disclosure of expert forensic chemists' credentials and methods used during chemical analyses in support of expert opinions. The government will also supply the name and qualifications of government law enforcement experts relating to vague/coded language, and firearms. The government reserves the right to offer the testimony of other expert witnesses. If the government decides to use such an expert witness, it will fully comply with Fed. R. Crim. P. Rule 16(a)(1)(G) and Fed. R. Evid. 702, 703, and 705.

Dkt. #372, pp.10-11. Based on the representations made by the government that it has and will continue to comply with its disclosure obligations as set forth in the Federal Rules of Criminal Procedure and the Federal Rules of Evidence, the defendant's request is denied as moot.

**Sentencing Guideline Information**

By this request, the defendant seeks the early disclosure of sentencing guideline information, stating that it is essential to secure the defendant's right to effective assistance of counsel under the Sixth Amendment. Dkt. #261, pp.8-9. In its response, the government states,

> [d]efendant's counsel has equal access to all information necessary to preliminarily determine sentencing guidelines provisions applicable to the defendant. . . . That said, it is

> Government's counsel's practice to work with defense
> counsel on this issue when contacted in this regard.

Dkt. #372, p.11. There is no legal requirement that a defendant be provided with "sentencing guideline" calculations prior to trial. *United States v. Williams*, 977 F.2d 866, 871 (4th Cir. 1992). It is also pointed out that in this District, a defendant is provided with a preview of the Pre-Sentence Investigation Report in advance of sentencing, and the factors to be considered in arriving at a sentence are already available to the defendant. Therefore, this request is denied.

**Suppression of Illegally Seized Evidence**

In one sentence, defendant King states, "[t]hat Ms. King moves to suppress any and all evidence obtained through any and all illegal searches and seizure." Dkt. #261, p.10. In its response, the government states "[d]efendant's one-sentence motion is so vague and overly broad as to be meaningless. As such, the Government cannot file a meaningful response. The motion should be denied." Dkt. #372, p.11. Defendant King's one-sentence motion is totally devoid of any facts to demonstrate whether there was any search involving Ms. King or her residence and what evidence, if any, was seized. Absent more, this Court is unable to assess whether there may be any merit to defendant's "motion to suppress." Accordingly, defendant King's motion is denied.

**Search of Personnel Files of Government Agent Witnesses**

Defendant King requests this Court to direct counsel for the government to search each agent's personnel file to determine whether there exists *Brady* or *Giglio* material which must be disclosed to the defense. Dkt. #261, p.10. In its response, the government states, "[a]s the Court is aware, a search of all testifying agent's personnel files is routinely done by the Government in accordance with its discovery obligations and disclosure is made as appropriate prior to trial as ordered by the trial Judge." Dkt. #372, pp.11-12. Based on the representations made by counsel for the government, with respect to its obligations to produce impeachment material, the defendant's request is denied as moot. The Court reminds counsel for the government that *Brady*, *Giglio* and their progeny dictate that the government's obligation to disclose material favorable to the accused extends to information that impeaches the credibility of the government's witnesses regardless of the witnesses' employer. Accordingly, counsel for the government is hereby directed to ensure that a proper request and review of the personnel files of all law enforcement witnesses, regardless of their employer, is conducted and that all properly discoverable information is disclosed to the defendant in a timely fashion as provided by *Brady*, *Giglio* and their progeny.

**Motion to Preserve Evidence**

By this request, the defendant seeks an Order from this Court requiring all government agents and officers who participated in this investigation to retain and preserve all rough or handwritten notes taken as part of their investigation, regardless

of whether or not the contents of the notes are incorporated in official records. Dkt. #261, pp.15-17. In addition, the defendant also requests an Order from this Court directing the government to preserve and protect from destruction, alteration, mutilation or dilution any and all evidence acquired in their investigation of defendant. *Id*. In its response, the government states,

> [t]he government has no particular objection to this request as all evidence in the case is and has been available for inspection throughout the course of the prosecution, and all federal law enforcement agencies already preserve such notes. Further, the government will request the agents to retain their notes relevant to this investigation, which notes have not resulted in the preparation of a final report.

Dkt. #372, p.13.

Although perhaps unnecessary, based on the representations made by counsel for the government concerning its acknowledgment of its obligation and its agreement to instruct the agents to retain and preserve rough notes, the express admonition of the Court of Appeals for the Second Circuit bears repeating in addressing this particular request of the defendant wherein the Court stated:

> [W]e will look with an exceedingly jaundiced eye upon future efforts to justify non-production of a Rule 16 or Jencks Act "statement" by reference to "departmental policy" or "established practice" or anything of the like. There simply is no longer any excuse for official ignorance regarding the mandate of the law. Where, as here, destruction is deliberate, sanctions will normally follow, irrespective of the perpetrator's motivation, unless the government can bear the heavy burden of demonstrating that no prejudice resulted to the defendant. . . . We emphatically second the district court's observation that any resulting costs in the form of added shelf space will be more than counterbalanced both by gains in the fairness of trials and

also by the shielding of sound prosecutions from
unnecessary obstacles to a conviction.

*United States v. Buffalino*, 576 F.2d 446, 449-50, (2d Cir.), *cert. denied*, 439 U.S. 928 (1978); *see also United States v. Grammatikos*, 633 F.2d 1013, 1019-20 (2d Cir. 1980); *United States v. Miranda*, 526 F.2d 1319 (2d Cir. 1975), *cert. denied*, 429 U.S. 821 (1976). Accordingly, the government is hereby directed to maintain and preserve all materials that are known by the government to exist, that constitute potential *Jencks* Act material in this case. With respect to that portion of the defendant's request directed to the preservation of evidence generally, based on the government's representations concerning its obligations and what has been made available to counsel for the defendant to date, defendant's request is denied as moot.

**Motion for Government Disclosure of Rule 807 'Residual Exception' Statements**

The defendant requests that the Court order the government to immediately comply with Rule 807 by notifying the defense of its intention to offer any statements covered by the residual hearsay exception. Dkt. #261, pp.17-18. In its response, the government agrees that the residual hearsay exception in the Federal Rules of Evidence requires advance notice of its use. The government further states that it,

> has no present intention of introducing any statement within
> the residual hearsay exception, however, should we later
> find the exception applicable, we will provide the substance
> of the statement and the name and address of the declarant
> of the hearsay in time to permit defendants a fair opportunity
> to prepare to meet the testimony.

-17-

Dkt. #372, pp.13-14.  Accordingly, based on the representations made by counsel for the government, the defendant's request is denied as moot.

**Motion to Join in Co-defendants' Motion and for Leave to Make Further Motions**

Defendant King "respectfully joins in the motions of all co-defendants to the extent that they are applicable to her, and reserves the right to make further and additional motions which may be required and advisable in light of the Court's ruling or the relief sought herein."  Dkt. #261, p.18.  This request is granted with the further directive and finding that the decision made by this Court as to each of the co-defendant's requests contained in the motion in which this defendant joins shall also be deemed to be the finding and Order of this Court as to the defendant herein.  In addition, counsel for defendant King also states,

> [y]our deponent has endeavored to encompass within the instant pleadings all prayers for relief which he believes may be properly advanced before trial at this time.  Nonetheless, it is entirely possible that as a result of the ongoing investigations or as a result of the relief granted pursuant to this motion, that matters will be revealed to your deponent which will necessitate further applications to this Court.

Dkt. #261, p.18. Subject to the limitations contained in the aforesaid quotation, the defendant's request to reserve her right to seek further relief based on the government's responses is granted.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time**

**waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

DATED:    Buffalo, New York
              April 3, 2012

                                      *s/ H. Kenneth Schroeder, Jr.*
                                      **H. KENNETH SCHROEDER, JR.**
                                      **United States Magistrate Judge**